## L. P. LINCOLN *v.* GEORGE BARKER.

### No. 1343.

ERROR TO CIRCUIT JUDGE THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

ARGUED NOVEMBER 29, 1921.                    DECIDED DECEMBER 5, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF COKE, C. J., ABSENT.

PLEADING—*definiteness and certainty.*

The allegation of the complaint must be definite and certain. A mere reference to a lease under which petitioner claims is insufficient.

OPINION OF THE COURT BY EDINGS, J.

This is a writ of error to the circuit judge of the third circuit of the Territory of Hawaii by which the respondent-plaintiff in error seeks to review and correct certain alleged errors in the proceedings and decree in the above entitled suit. The petitioner-defendant in error instituted in the circuit court of the third circuit of the Territory a suit in equity for an injunction and damages against the respondent-plaintiff in error seeking to restrain him from entering upon certain premises at Kauleoli, South Kona, Hawaii, and for damages against him for certain alleged trespasses committed by him upon said premises. The petition alleged *inter alios* "that he, the said plaintiff, is and at all times hereinafter mentioned was the owner of that certain leasehold interest in those certain lands at Kauleoli, South Kona, County and Territory of Hawaii, more fully described in that certain indenture of lease executed and delivered to the plaintiff by Wm. J. Hooper, Maggie Hooper, Mrs. Mary Hooper Barker, Caroline Hooper Estate and Preston Hooper Estate, under date of April 12, 1915, as amended under date of

April 19, 1919, which said lease and amendment thereof are duly recorded in the office of the registrar of conveyances at Honolulu, Hawaii," this being the sole attempt at any description of the premises in question in the petitioner-defendant in error's petition, upon the filing of which petition the judge granted a temporary injunction restraining the respondent-plaintiff in error "from picking, carrying away, converting and (or) disposing of coffee from the lands named in the aforesaid complaint, to-wit, those certain lands more fully described in that certain indenture of lease executed and delivered to the plaintiff by Wm. J. Hooper, Maggie Hooper, Mrs. Mary Hooper Barker, Caroline Hooper Estate and Preston Hooper Estate, under date of April 12, 1915, as amended under date of April 19, 1919, which said lease and amendment thereto are duly recorded in the office of the registrar of conveyances at Honolulu," and "from doing all or any act or acts of interference of plaintiff in his occupancy and use of the aforesaid lands and to his rights and interest therein." This temporary injunction was upon the hearing made final and the petitioner awarded damages in the sum of $25 and his costs. To this petition the respondent-plaintiff in error demurred and among other causes of demurrer alleges "that said complaint does not describe the premises and (or) property said to be in question nor is the leasehold mentioned in said complaint attached to and made a part of said complaint nor is any description given from which said property can be identified." This demurrer was overruled and the exception to this portion of the judge's ruling is made the subject of respondent-plaintiff in error's assignment of error numbered 4.

The allegations in the complaint must be definite and certain and set forth the facts with particularity. (22 Cyc. 925.) And we do not regard a description of the

character set forth in this petition as being of such precision, certainty and clearness as fully to apprise the defendant of the wrong he is alleged to have committed. Upon this ground the demurrer should have been sustained and the petitioner permitted to amend his petition.

There are other assignments of error, some of which are not without merit, which we do not deem it necessary or expedient to discuss as no useful purpose can be accomplished thereby, and as we are informed by counsel the petitioner-defendant in error has surrendered the alleged lease under which he claimed any further discussion of the case is unnecessary.

The decree is therefore set aside and the cause remanded to the circuit judge for such proceeding not inconsistent herewith as may be necessary.

*C. F. Peterson* for plaintiff in error.

*H. G. Middleditch* for defendant in error submitted the case upon the brief.